## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INDIANAPOLIS DOWNS, LLC, | Case No. 11-____ (___) |
| Debtor. | |
| In re: | Chapter 11 |
| INDIANA DOWNS CAPITAL CORP., | Case No. 11-____ (___) |
| Debtor. | |

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING AND DIRECTING THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby move the Court (the "**Motion**") pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") for entry of an order: (a) authorizing and directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only, and (b) providing any additional relief required in order to effectuate the foregoing. In support of this Motion, the Debtors respectfully state as follows:

### Status of the Case and Jurisdiction

1.     On the date hereof (the "**Petition Date**"), the Debtors commenced these cases (the "**Cases**") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**").

2.     The Debtors have continued in possession of their properties and are operating and managing their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.     No request has been made for the appointment of a trustee or examiner, and a creditors' committee has not yet been appointed in these Cases.

4.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. § 1408.  This matter is core within the meaning of 28 U.S.C. § 157(b)(2).

5.     The statutory bases for the relief requested herein are Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Local Rule 1015-1.

### Background

6.     The Debtors operate a "racino" at a 283-acre site in Shelbyville, Indiana, located southeast of Indianapolis.  In addition, the Debtors operate two satellite wagering facilities (the "**OTB Facilities**") in Evansville and Clarksville, Indiana.  The Shelbyville racino is comprised of the Indiana Live! Casino (the "**Casino**") and the Indiana Downs racetrack (the "**Track**"), which collectively employ up to approximately 1,110 individuals during normal operations and 1,300 individuals during the racing season. The Casino, opened in 2008, features approximately 2,000 high-tech slot machines and electronic table games including blackjack, roulette, and craps, a poker room, and several branded dining and entertainment options. The Track, opened in December 2002, offers live racing seven months out of the year, a full-card simulcast wagering facility featuring thoroughbred and harness races from across the country, a full-service restaurant, lounge, arcade, gift shop, facilities for entertaining, and a family

entertainment center. The Debtors mainly derive their revenue from pari-mutuel operations, gaming operations, food and beverage sales, and other operations.

7. The Debtors' total revenue for calendar year 2010 was approximately $270 million, representing an 8.7% increase in revenue from 2009. This increase in revenue was driven by, among other things, an increased market share, an increase in the number of slot machines, and one full year of operations at the permanent facility. During the twelve-month period ending in December 2010, the Debtors captured 53% of the Indianapolis market share.

8. A more detailed factual background of the Debtors' business and operations, as well as the events precipitating the commencement of these Cases, is fully set forth in the *Declaration of Gregory F. Rayburn in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference.

## Relief Requested

9. By this Motion, the Debtors seek entry of an order directing the joint administration of the Cases and the consolidation thereof for procedural purposes only.

10. The Debtors also request that the caption of their Cases be modified to reflect the joint administration of the Cases substantially as follows:

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INDIANAPOLIS DOWNS, LLC, *et al.*,[1] | Case No. 11-_____ (   ) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are Indianapolis Downs, LLC (5457) and Indiana Downs Capital Corp. (3803). The Debtors' address is 4300 N. Michigan Road, Shelbyville, IN 46176.

11.     In addition, the Debtors request that the Court authorize and direct that a notation substantially similar to the following notation be entered on the docket for each of the Debtors' Cases to reflect the joint administration of these Cases:

> An Order has been entered in this case directing the joint administration of the chapter 11 cases listed below under Case No. 11-_____.   The docket in Case No. 11-_____ should be consulted for all matters affecting this case. The following chapter 11 cases are jointly administered pursuant to such Order: Case No. 11-_____; and Case No. 11-_____.

12.     Finally, the Debtors request that the Court authorize that a combined service list be used for the jointly administered Cases and that combined notices be sent to creditors of the Debtors' estates.

## Basis for Relief Requested

13.     Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of a debtor and its affiliates. FED. R. BANKR. P. 1015(b). Indiana Downs Capital Corp. is the wholly-owned subsidiary of Indianapolis Downs, LLC, such that the Debtors

constitute "affiliates" of one another within the meaning of 11 U.S.C. § 101(2).[1]  Accordingly, this Court is authorized to grant the requested relief by virtue of the fact that one Debtor is the wholly-owned subsidiary of the other Debtor.

14.     Furthermore, Local Rule 1015-1 provides that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting such joint administration and an affidavit or verification establishing that joint administration is warranted. Del. Bankr. L.R. 1015-1.

15.     The First Day Declaration, filed simultaneously herewith, establishes that joint administration of these Cases (a) is warranted because the Debtors' financial affairs are closely related, and (b) will avoid an unnecessary administrative burden on the Court and parties-in-interest in these Cases.  The Debtors anticipate that numerous notices, applications, motions, other documents, pleadings, hearings, and orders filed in the Indianapolis Downs, LLC chapter 11 case will affect Indiana Downs Capital Corp. in its capacity as co-issuer and guarantor of certain debt.  The failure to administer these Cases jointly would result in numerous duplicative pleadings being filed and served upon parties identified in separate service lists.    Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the Debtors, the Clerk of this Court (the "**Clerk**"), creditors, and other parties-in-interest in these Cases.

16.     Joint administration will permit the Clerk to use a single general docket for the Debtors' Cases and to combine notices to creditors and other parties-in-interest of the Debtors' respective estates.  Joint administration also will protect parties-in-interest by ensuring that such

---

[1]  Section 101(2) of the Bankruptcy Code defines "affiliate" to include, in relevant part, a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor..." 11 U.S.C. § 101(2).

parties-in-interest in each of the Debtors' respective Cases will be apprised of the various matters before the Court in both of these Cases.

17.    The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered Cases be in the form set forth in paragraph 10 of this Motion. The Debtors submit that use of this simplified caption, without reference to certain of the detail specified by section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n), will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification. Such case-specific information is publicly available in the petitions, and the Debtors therefore submit that the policies behind section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n) have been satisfied.

18.    The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these Cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party-in-interest will maintain claims or rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the efficiencies and reductions in costs resulting from joint administration. The Court also will be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of these Cases by the Office of the United States Trustee also will be simplified.

19.    The relief requested herein is commonly granted in this District. *See, e.g., In re Appleseed's Intermediate Holdings, LLC*, Case No. 11-10160 (KG) (Bankr. D. Del. Jan. 20, 2011); *In re Claim Jumper Restaurants, LLC*, Case No. 10-12819 (KG) (Bankr. D. Del. Sept. 13, 2010); *In re Aventine Renewable Energy Holdings, Inc.*, Case No. 09-11214 (KG) (Bankr. D. Del. Apr. 9, 2009); *In re Verasun Energy Corp.*, Case No. 08-12606 (BLS) (Bankr. D. Del. Oct.

31, 2008); *In re Goody's Family Clothing, Inc.*, Case No. 08-11133 (CSS) (Bankr. D. Del. June 9, 2008).

## Notice

20.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known:  (a) the Office of the United States Trustee; (b) counsel to Wells Fargo Bank, N.A., as administrative agent to the Debtors' prepetition secured lenders and post-petition secured lenders; (c) counsel to the ad hoc committee of holders of the 11% Senior Secured Notes due 2012; (d) counsel to Fortress Investment Group LLC, as a holder of 15½% Senior Subordinated Secured Pay-In Kind Notes due 2013; (e) counsel to Oliver Racing, LLC, Troon & Co., Anne C. McLure Trust, Jane C. Warriner Trust, J. Oliver Cunningham Trust and Ross J. Mangano; (f) counsel to The Bank of New York Trust Company, N.A., as trustee and collateral agent for the holders of the 11% Senior Secured Notes due 2012; (g) counsel to Wilmington Trust Company, as trustee and collateral agent for holders of the 15½% Senior Subordinated Secured Pay-In Kind Notes due 2013; (h) creditors holding the twenty (20) largest unsecured claims as set forth in the consolidated list filed with the Debtors' petitions; (i) the Office of the United States Attorney General for the District of Delaware; (j) the Internal Revenue Service; (k) the Securities and Exchange Commission; (m) the Indiana Gaming Commission; and (n) the Indiana Horse Racing Commission.  As the Motion is seeking "first day" relief, within two (2) business days of the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion in accordance with the Local Rules.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

21.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter an order granting the relief requested herein and that it grant the Debtors such other and further relief as is just and proper.

Dated:  April 7, 2011

GREENBERG TRAURIG, LLP

Scott D. Cousins (DE Bar No 3079)
Victoria W. Counihan (DE Bar No 3488)
Matthew L. Hinker (DE Bar No 5348)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone:  (302) 661-7000
Facsimile:  (302) 661-7360
Email:  counihanv@gtlaw.com
            hinkerm@gtlaw.com

-and-

Nancy A. Mitchell
Elizabeth M. Connolly
200 Park Avenue
New York, New York  10166
Telephone:  (212) 801-9200
Facsimile:  (212) 801-6400
Email: mitchelln@gtlaw.com
            connollye@gtlaw.com

Proposed Counsel for the Debtors
and Debtors-in-Possession